UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
WILLIAM RAMOS,

                                MEMORANDUM DECISION
                                    AND ORDER
                Petitioner,             06-CV-3886 (GBD)

           -against-

THE PEOPLE OF THE STATE OF
NEW YORK,

                Respondent.
------------------------------------------------------------------x
GEORGE B. DANIELS, District Judge:


     *Pro se* petitioner William Ramos filed a writ of habeas corpus challenging his conviction,

following a jury trial in New York State Supreme Court, Bronx County, for first degree robbery.

Petitioner claimed that: (1) the prosecutor committed misconduct during her summation by

making remarks that were not supported by the evidence; (2) trial counsel was ineffective for

failing to object to the prosecutor's remarks; (3) a recording of the complaining witness's 911

call was improperly admitted into evidence; (4) his ten year sentence was excessive and the

sentencing procedure was unconstitutional under United States v. Booker, 543 U.S. 220 (2005);

and (5) the evidence presented at trial did not support a conviction.

     This Court referred the matter to Magistrate Judge James C. Francis IV for a Report and

Recommendation ("Report"). In his Report, Magistrate Judge Francis recommended that this

Court deny petitioner's habeas corpus petition. The magistrate judge found that the evidence

presented at trial supported the petitioner's conviction.[1] Magistrate Judge Francis found that the

---

[1] The petitioner argues that the evidence presented at trial did not support a conviction, because "the version
of events related by the People's witnesses [was] so inherently implausible and bizarre as to be unreliable."
(Petitioner's Brief at 24-27). A federal court reviewing a sufficiency of evidence claim must construe the evidence
in the light most favorable to the prosecution and defer to the jury's resolution of any conflicts in the testimony and

prosecutor's comments during summation were not improper, and that the prosecutor merely

asked the jurors to draw an inference from their observations of properly admitted evidence.

Therefore, petitioner's trial counsel was not ineffective for failing to object to the prosecutor's

remarks during summation. The magistrate judge also found that the recording of the 911 call

was properly admitted as evidence under the excited utterance exception to the hearsay rule. Fed.

R. Evid. 803(2). Moreover, Magistrate Judge Francis found that petitioner failed to demonstrate

that the state court's evidentiary ruling constituted a fundamental unfairness.[2]

The magistrate judge further found that petitioner did not exhaust the administrative

remedies for his excessive sentence claim. Magistrate Judge Francis finally found that

petitioner's claim that his sentence was unduly harsh and excessive was not cognizable in a

federal habeas proceeding. The magistrate judge properly noted that federal courts do not

"reexamine state-court determinations on state-law questions" in habeas corpus matters, unless a

violation of state law implicates a constitutional concern. Estelle v. McGuire, 502 U.S. 62, 67-68

(1991). There can be "[n]o federal constitutional issue...presented where...the sentence is within

the range prescribed by state law." White v. Keane, 969 F. 2d 1381, 1383 (2d Cir. 1992). In

addition, Magistrate Judge Francis found that petitioner's claim that his sentencing procedure

was unconstitutional failed on the merits.[3]

_____

to its assessment of the credibility of witnesses. Jackson v. Virginia, 443 U.S. 307, 319 (1979). In reviewing
petitioner's claim, Magistrate Judge Francis did not find the record "so totally devoid of evidentiary support that a
due process issue [was] raised." Mapp v. Warden, New York States Correctional Institute for Women, 531 F.2d
1167, 1173 n.8 (2d Cir. 1976).

[2]Federal habeas corpus relief is not available for errors of state law unless the errors constitute fundamental
unfairness. Roldan v. Artuz, 78 F. Supp. 2d 260, 276 (S.D.N.Y. 2000).

[3]Under N.Y. Penal Law § 70.06(6)(a), petitioner, as a second felony offender, could have received a
sentence between eight and twenty-five years. Petitioner contends that his sentencing was unconstitutional, because
the trial judge, rather than the jury, determined that he had previously been convicted of a felony and therefore
qualified as a second felony offender. Generally, any fact necessary to support a sentence exceeding the maximum
established by a guilty plea or a jury verdict must be admitted by the defendant or proved to a jury beyond a
reasonable doubt. Booker, 543 U.S. at 244. However, such proof is unnecessary for sentencing purposes where a
defendant has a prior felony conviction. Id.

In his Report, Magistrate Judge Francis informed the parties of their right to submit objections to the Report, and advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. Petitioner filed timely objections to the Report. Petitioner's objections generally restated the original grounds for his petition.

The Court may accept, reject, or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). The Court must make a "*de novo* determination of those portions of the Report or specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b). It is not required, however, that the Court conduct a *de novo* hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). Accordingly, the Court, in the exercise of sound judicial discretion, must determine the extent, if any, it should rely upon the magistrate judge's proposed "findings and recommendations." Raddatz, 447 U.S. at 676. Since petitioner is proceeding *pro se*, his objections, as well as his other pleadings, are to be liberally construed and interpreted to raise the strongest argument they suggest. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

Upon *de novo* review of the instant matter, this Court determines that the magistrate judge's findings are supported by the record. Each of petitioner's claims and objections are without merit. This Court adopts Magistrate Judge Francis's Report in its entirety. Petitioner's habeas corpus petition is DENIED.

As the petitioner has not made a substantial showing of the denial of a federal right, a

certificate of appealability will not issue. 28 U.S.C. § 2253; Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997); Lozada v. United States, 107 F.3d 1101 (2d Cir. 1997). Additionally, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438 (1962).

Dated: July 10, 2008
New York, New York

SO ORDERED:

GEORGE B. DANIELS
United States District Judge